IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
February 18, 2010

IN RE:                                      )
                                            )
Bryan Christopher Booth and                 )    Case No.   09-11034-M
Deborah Kaye Booth;                         )    Chapter    13
aka Debby Booth,                            )
                                            )
            DEBTORS.                        )

### AGREED TO CONDITIONAL ORDER
### FOR RELIEF FROM THE AUTOMATIC STAY AND
### <u>ABANDONMENT OF PROPERTY</u>

THIS MATTER comes before this Court upon the Motion for Relief from Automatic Stay, Motion for Order of Abandonment and Notice of Opportunity for Hearing (the "Motion") filed herein by U.S. Bank National Association, Creditor, on December 10, 2009.

Upon representation of counsel, the Motion was served on all parties in interest December 10, 2009, and no objection has been served within the time to object, including applicable allowance of three (3) days for mailing, with the exception of Debtors' Objection filed the 28th day of December, 2009. Creditor and Debtors have reached an agreement concerning the Motion as indicated below by the signatures of their counsel.

IT IS, THEREFORE, ORDERED that the requested relief from the automatic stay imposed under Section 362 of the Bankruptcy Code is conditionally granted.

IT IS FURTHER ORDERED that Debtors shall have twenty (20) days to modify their Chapter 13 Plan to allow for sufficient funds to cure the post-petition arrearage ($4,866.40), ongoing monthly payments to commence as of March 2010. If a modified plan is not timely filed, confirmed, or if Debtors fail to timely tender any future monthly payments, then Debtors will have waived the right to cure the default. In the event of such waiver, upon ten (10) days written notice and proper application, including the submission of a verified statement by a non-

8281/SB

attorney representative of Creditor establishing the factual basis for the alleged default and establishing that all notice required under the agreed order has been given, an order shall be entered, ex parte, entitling Creditor to pursue its available remedies under the Note and Mortgage, including but not limited to, foreclosure of its Mortgage.

Should relief from the automatic stay be granted, the Trustee shall be authorized to cease all payments to Creditor under the Chapter 13 Plan and he shall be further authorized to disburse any funds that Creditor would otherwise have been entitled to receive to other creditors in the case.  Further, should relief from the automatic stay be granted, the Trustee shall be directed to abandon the following described property:

> **Lot Nine (9), Block One (1), VILLAGE SQUARE, an Addition to the City of Broken Arrow, Tulsa County, State of Oklahoma, according to the recorded Plat thereof. A/k/a 809 West Atlanta Court, Broken Arrow, Oklahoma 74012**

All statements or findings of fact in this order or judgment are made solely upon representation of counsel.

Dated this 18th day of February, 2010.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

8281/SB

Submitted by:

**KIVELL, RAYMENT, FRANCIS, P.C.**
A Professional Corporation

s/Stacie Bryza
Brian J. Rayment, OBA #7441
Stacie Bryza, OBA #19643
7666 East 61st, Suite 240
Tulsa, Oklahoma  74133
(918) 254-0626

ATTORNEYS FOR CREDITOR


WINTERS & KING, INC.

s/ Jerry L. Gunter
Jerry L. Gunter, OBA#17041
2448 East 81st Street, Suite 5900
Tulsa, Oklahoma 74137-4259
(918) 494-6868

ATTORNEYS FOR DEBTORS

8281/SB

8281/SB